UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINCETTA Y. CARGILL,<br><br>      Petitioner,<br><br>  v.<br><br>ISRAEL JACQUEZ,<br><br>      Respondent. | Case No. C22-900-LK-SKV<br><br>REPORT AND RECOMMENDATION |

### I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Quincetta Cargill is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington. She has presented to this Court for consideration a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which she appears to challenge the lawfulness of her 2020 conviction in the United States District Court for the Northern District of Alabama. *See* Dkts. 4, 4-1; *see also United States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE, N.D. Ala. (case closed September 16, 2020). This Court, having reviewed the petition and the brief submitted in support thereof, recommends that this action be dismissed. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (district court may summarily dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief).

REPORT AND RECOMMENDATION
PAGE - 1

## II. DISCUSSION

In November 2019, Petitioner was charged in the Northern District of Alabama, by way of a superseding indictment, with one count of conspiracy to commit mail and wire fraud and one count of witness tampering. *See Cargill*, Case No. 2:17-cr-00356-RDP-JHE, Dkt. 169. In February 2020, Petitioner, who had previously been granted leave to represent herself at trial, was convicted of both of the charged offenses following a bench trial. *Id.*, Dkt. 146, 241, 242, 246. Petitioner was sentenced in September 2020 to a term of 180 months confinement. *Id.*, Dkt. 282. Petitioner thereafter filed a notice of appeal, and her appeal currently remains pending in the United States Court of Appeals for the Eleventh Circuit. *See United States of America v. Cargill*, Case No. 20-13507, 11th Cir. (appeal docketed September 16, 2020).

Since Petitioner's case has been pending on appeal, she has twice attempted to file in the Northern District of Alabama motions under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. *See Cargill v. United States of America*, Case No. 2:21-cv-8024-RDP, N.D. Ala. (motion dismissed October 27, 2021); *Cargill v. United States of America*, 2:22-cv-8002-RDP, N.D. Ala. (motion dismissed April 1, 2022). On both occasions, Petitioner's motions were dismissed without prejudice as premature based on the fact that her appeal was still pending. *See id.* Petitioner now seeks relief from her Northern District of Alabama conviction in this district under § 2241, and she specifically asserts in her materials that she is invoking the "escape hatch" exception to § 2255 which would permit her to challenge her conviction under § 2241. *See* Dkts. 4 at 1, 4-1 at 1. Though not entirely clear, it appears that Petitioner seeks to challenge her conviction on the grounds that she was not competent to stand trial, and that she is therefore actually innocent of the crimes of which she was convicted. *See* Dkt. 4-1 at 2-20.

As a general rule, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (citing *Lorentsen* v. *Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). Section 2255 allows a federal prisoner claiming that her sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In contrast, § 2241 provides an avenue for prisoners to "challenge the manner, location, or conditions of a sentence's execution," and such petitions must be brought in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

There is a narrow exception to the general rule that challenges to the legality of a sentence must be filed under § 2255, a so-called "escape hatch," which permits a prisoner to proceed under § 2241 if she can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of [her] detention." *See* 28 U.S.C. § 2255(e); *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The Ninth Circuit has held that a § 2241 petition is permissible under the escape hatch when a petitioner (1) makes a claim of actual innocence, and (2) demonstrates that she has not had an "unobstructed procedural shot" at presenting her claims. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). The escape hatch, however, may not be used simply because of potential delays in the collateral review process under § 2255. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (holding delay in considering Section 2255 motion in pending appeal not sufficient to make Section 2255 remedy "inadequate or ineffective").

A review of Petitioner's § 2241 petition, together with the docket of her underlying criminal case in the Northern District of Alabama, suggests to this Court that Petitioner, in

REPORT AND RECOMMENDATION
PAGE - 3

seeking relief in this district under § 2241, is attempting to circumvent the established process for obtaining review of her federal court conviction. Petitioner is currently pursuing an appeal, though she is apparently dissatisfied with the way in which her appointed counsel has presented the appeal (*see* Dkt. 4 at 1-2), and she will have an opportunity to pursue a motion under § 2255 once her appeal has been resolved. Petitioner's desire to expedite review of her actual innocence claim, and/or to obtain review of the claim by a court other than the sentencing court, is insufficient to establish that the remedy available under § 2255 is inadequate or ineffective to test the validity of her detention.[1] In sum, Petitioner fails to satisfy the requirements for application of the "escape hatch," because she has not exhausted her direct appeal or the § 2255 collateral review process. The fact that the process is not moving as fast as Petitioner would prefer is not a basis for authorizing her to proceed under § 2241.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that petitioner's federal habeas petition be dismissed because the Court lacks jurisdiction to consider it. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

---

[1] Petitioner suggests in her materials that the sentencing court is biased against her, apparently because of some adverse rulings that court has made in various cases Petitioner has filed in the Northern District of Alabama. Such concerns are properly raised in, and addressed by, the sentencing court. And, in fact, it appears that Petitioner has presented her concerns regarding bias to the sentencing court and that they have been addressed, though perhaps not to her satisfaction. *See Cargill*, Case No. 2:17-cr-00356-RDP-JHE, Dkt. 369.

within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 2, 2022**.

DATED this 11th day of August, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5