UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINCETTA Y. CARGILL,<br><br>      Petitioner,<br> v.<br><br>HOWARD BARRON,<br><br>      Respondent. | CASE NO. 2:22-cv-00900-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION |

   This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge S. Kate Vaughan, recommending denial of Quincetta Y. Cargill's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Dkt. Nos. 4–5. Neither party has filed objections, though Ms. Cargill filed a notice of appeal in response to the R&R. Dkt. No. 6. Having reviewed Judge Vaughan's recommendations and the relevant record, the Court adopts the R&R as set forth below.

## I. BACKGROUND

Ms. Cargill is currently confined at the Federal Detention Center in SeaTac, Washington. *See* Dkt. No. 4 at 1.[1] She is serving a 180-month sentence after being convicted of conspiracy to commit mail and wire fraud, as well as witness tampering. *See United States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE, Dkt. No. 282 (N.D. Ala. Sept. 16, 2020). At trial, Ms. Cargill represented herself with the assistance of "hybrid counsel." *Id.* at 1. In addition to her term of confinement and supervised release, Ms. Cargill was ordered to pay $1,096,668.68 in restitution to the Internal Revenue Service. *Id.* at 3, 6. Ms. Cargill appealed her conviction, and the United States Court of Appeals for the Eleventh Circuit affirmed the district court's rulings during the pendency of the instant habeas proceedings. *United States v. Cargill*, No. 20-13507, 2022 WL 4375292, at *1 (11th Cir. Sept. 22, 2022) (per curiam).

Ms. Cargill's habeas petition in this case challenges her convictions in the Northern District of Alabama under the "escape hatch" exception to 28 U.S.C. § 2255. Dkt. No. 4 at 1; *see also* Dkt. No. 4-1 at 2; Dkt. No. 5 at 2.[2] Construing her filings liberally, Ms. Cargill appears to claim actual innocence based on her lack of competency to stand trial, and to contend that the collateral review provided under Section 2255 does not provide an adequate or effective remedy because of the sentencing judge's bias. Dkt. No. 4-1 at 2, 5–9, 14–20; *see also* 28 U.S.C. § 2255(e). The R&R recommends denying Ms. Cargill's petition for lack of jurisdiction because she has not met her

---

[1] In her petition, Ms. Cargill properly named Israel Jacquez as respondent because at the time of filing, Jacquez was the warden of FDC SeaTac, the facility where Ms. Cargill is detained. Dkt. No. 4 at 1; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that the proper respondent to a habeas petition is the person with "immediate custody" over the petitioner); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (same). During the pendency of these proceedings, however, Howard Barron replaced Jacquez as warden. Accordingly, the Court substitutes Barron as respondent because he is Ms. Cargill's current immediate custodian. *See* Fed. R. Civ. P. 25(d); Federal Bureau of Prisons, *FDC SeaTac Admissions & Orientation Handbook*, https://www.bop.gov/locations/institutions/set/set_ao-handbook.pdf?v=1.0.0 (last visited Sept. 18, 2023).

[2] The Court notes that Ms. Cargill has filed two other habeas petitions under 28 U.S.C. § 2241 in this district: *Cargill v. Jacquez*, No. 2:22-CV-01159-LK (W.D. Wash. Aug. 12, 2022) and *Cargill v. Jacquez*, No. 2:22-CV-01288-LK (W.D. Wash. Sept. 12, 2022).

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION - 2

burden of showing that this case meets the narrow exception provided under Section 2255(e), and because Ms. Cargill "is attempting to circumvent the established process for obtaining review of her federal court conviction." Dkt. No. 5 at 3–4. Although Ms. Cargill's direct appeal remained pending at the time, Judge Vaughan noted that Ms. Cargill "will have an opportunity to pursue a motion under § 2255 once her appeal has been resolved." *Id.* at 4. Rather than object to the R&R, Ms. Cargill filed a notice of appeal, apparently under the impression that Judge Vaughan had dismissed her petition, which the United States Court of Appeals for the Ninth Circuit dismissed for lack of jurisdiction. Dkt. Nos. 6–10.

## II.   DISCUSSION

### A.   Standard of Review

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

### B.   Ms. Cargill's Claims Fall Within the Scope of Section 2255(a) and the Court Therefore Lacks Jurisdiction

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *accord Harrison v. Ollison*, 519 F.3d 952, 955 (9th

Cir. 2008); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). There is an exception to this general rule, though, "termed the § 2255(e) 'escape hatch,'" that "permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020) (cleaned up); *see also* 28 U.S.C. § 2255(e). The Ninth Circuit has held that the escape hatch exception applies when the prisoner (1) claims actual innocence, and (2) has not been afforded an unobstructed procedural shot at presenting that claim. *Allen*, 950 F.3d at 1188; *see also Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In this context, actual innocence is defined as "factual innocence, not mere legal insufficiency." *Marrero*, 682 F.3d at 1193 (internal quotation marks omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Ms. Cargill must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted h[er]." *Stephens*, 464 F.3d at 898 (internal quotation marks omitted) (quoting *Bousley*, 523 U.S. at 623). And to determine whether a petitioner has been deprived of an unobstructed procedural shot at presenting such claim, courts "look to: (1) whether the legal basis for petitioner's claim did not arise until after [s]he had exhausted h[er] direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Pavulak v. Blanckensee*, 14 F.4th 895, 897 (9th Cir. 2021) (per curiam) (cleaned up), *cert. denied sub nom. Pavulak v. Warden, FMC Butner*, 142 S. Ct. 1188 (2022).

Here, despite reciting the relevant prongs for establishing the escape hatch exception, Ms. Cargill has not claimed actual innocence or, more fundamentally, shown that she has been deprived an unobstructed procedural shot at presenting such claim. As the R&R stated, and as Ms. Cargill has been previously advised by other courts, the next step after direct appeal of her conviction and sentence is to pursue a motion under Section 2255 in the Northern District of Alabama. *See* Dkt.

No. 5 at 4; *Cargill v. U.S. Sent'g Comm'n*, No. 2:20-CV-01066-AKK-JHE, 2020 WL 6164463, at *1 (N.D. Ala. Sept. 25, 2020) ("Should Cargill not receive the relief she seeks on direct appeal, she must then proceed through a motion to vacate pursuant to § 2255, rather than a petition pursuant to § 2241."), *report and recommendation adopted*, 2020 WL 6164429 (N.D. Ala. Oct. 21, 2020). In fact, Ms. Cargill has filed such a motion: on August 3, 2023, she filed a motion under Section 2255 to vacate, set aside, or correct her sentence in the Northern District of Alabama. *Cargill v. United States*, Case No. 2:23-cv-8022, Dkt. No. 1 (N.D. Ala.). That matter is still pending.[3]

Accordingly, the Court adopts the R&R's conclusion that Ms. Cargill has failed to establish the necessary grounds for applying the escape hatch exception provided under Section 2255, and therefore finds no basis for exercising jurisdiction.

### III.   CONCLUSION

The Court, having reviewed Ms. Cargill's petition for writ of habeas corpus under 28 U.S.C. § 2241, the R&R, and the remaining record, hereby finds and ORDERS:

1. The Report and Recommendation is approved and ADOPTED, Dkt. No. 5.
2. Ms. Cargill's federal habeas petition, Dkt. No. 4, is DISMISSED for lack of jurisdiction.
3. The Clerk is DIRECTED to send copies of this Order to Ms. Cargill and to Judge Vaughan.

Dated this 18th day of September, 2023.

Lauren King
United States District Judge

---

[3] Ms. Cargill also filed a motion to vacate her conviction and sentence in *United States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE, on August 2, 2023. *See id.* at Dkt. No. 399.